No. 21-1070

# United States Court of Appeals for the Federal Circuit

NOVARTIS PHARMACEUTICALS CORPORATION,
*Plaintiff-Appellee,*

v.

ACCORD HEALTHCARE INC., AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., EMCURE PHARMACEUTICALS, HERITAGE PHARMACEUTICALS INC., GLENMARK PHARMACEUTICALS INC., USA, GLENMARK PHARMACEUTICALS LIMITED, HETERO USA INC., HETERO LABS LIMITED UNIT-V, HETERO LABS LIMITED, MYLAND PHARMACEUTICALS, INC., PRINSTON PHARMACEUTICALS INC., STRIDES GLOBAL PHARMA PRIVATE LIMITED, STRIDES PHARMA, INC., TORRENT PHARMA INC., TORRENT PHARMACEUTICALS LTD., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LIMITED, APOTEX INC., APOTEX CORP., SUN PHARMACEUTICAL INDUSTRIES LTD., SUN PHARMACEUTICAL INDUSTRIES LTD., SUN PHARMACEUTICALS INDUSTRIES INC., SUN PHARMA GLOBAL FZE,
*Defendants,*

HEC PHARM CO. LTD., HEC PHARM USA INC.
*Defendants-Appellants.*

Appeal from United States District Court for the District of Delaware, Case No. 1:18:cv-01043-KAJ, Circuit Judge Kent A. Jordan

## BRIEF OF *AMICI CURIAE* LAW PROFESSORS AND CIVIL PROCEDURE SCHOLARS IN SUPPORT OF PETITION FOR PANEL AND *EN BANC* REHEARING

August 4, 2022                                              *Counsel listed on inside cover*

Sean M. SeLegue
  *Principal Counsel*
ARNOLD & PORTER KAYE SCHOLER, LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

Kolya D. Glick
  (*CAFC bar application pending*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Aaron Stiefel
Abigail Struthers
  (*CAFC bar application pending*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Amici Curiae Law Professors and Civil Procedure Scholars*

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for *Amici Curiae*

states the following:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

> David Hricik; Roger M. Baron; Lonny Hoffman; Jeffrey W. Stempel; Christa Laser; Emil J. Ali; and Dane Ciolino.

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

> N/A

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. Fed. Cir. R. 47.4(a)(3).

> None.

4. **Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

> Abigail Struthers (*Federal Circuit bar application pending*)
> Arnold & Porter Kaye Scholer LLP
> 250 55th Street, New York, NY 10015
> Phone:  (212) 836-8000

> Kolya D. Glick (*Federal Circuit bar application pending*)
> Arnold & Porter Kaye Scholer LLP
> 601 Massachusetts Ave NW, Washington, DC 20001
> (202) 942-5000

5. **Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  *See also* Fed. Cir. R. 47.5(b).

> *Novartis Pharmaceuticals Corp. v. Handa Neuroscience, LLC et al.*, Case No. 1:21-cv-00645 (D. Del.); *Novartis Pharmaceuticals Corp. v. Handa Neuroscience, LLC et al.*, Case No. 1:22-cv-00352 (D. Del.).

6. **Organizational Victims and Bankruptcy Cases.**  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

> None.

I certify the preceding information is accurate and complete to the best of my knowledge.

Date:  August 4, 2022

/s/ *Sean SeLegue*
Sean M. SeLegue
*Counsel for Amici Curiae*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................. IV

INTEREST OF AMICI CURIAE .......................................................................1

INTRODUCTION ............................................................................................2

ARGUMENT ...................................................................................................3

I.  FORMING A NEW PANEL TO DECIDE A REHEARING
    PETITION WAS CONTRARY TO ESTABLISHED RULES IN
    THIS CIRCUIT ....................................................................................3

    A.  The Governing Rules And Established Federal Practice Barred
        Formation Of A Different Panel To Consider The Case Anew ...........3

    B.  The Second Panel Opinion Violated The Law-of-the-Circuit
        Doctrine ........................................................................................6

II. THE SECOND OPINION UNDERMINES THE PUBLIC POLICY
    INTERESTS OF CONSISTENCY AND TRANSPARENCY ......................9

CONCLUSION ...............................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Bedgear v. Fredman Bros. Furniture*,
    783 F. App'x 1029 (Fed. Cir. 2019) ...................................................................7

*Carver v. Lehman*,
    558 F.3d 869 (9th Cir. 2009) ............................................................................8

*Easley v. Reuss*,
    532 F.3d 592 (7th Cir. 2008) ............................................................................5

*LaShawn A. v. Barry*,
    87 F.3d 1389 (D.C. Cir. 1996) ...................................................................... 7-8

*Metzinger v. Dep't of Veterans Affs.*,
    20 F.4th 778 (Fed. Cir. 2021) ..........................................................................7

*Murray v. Nat'l Broad. Co., Inc.*,
    35 F.3d 45 (2d Cir. 1994) ...............................................................................10

*Payne v. Tennessee*,
    501 U.S. 808 (1991).........................................................................................8

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
    719 F.3d 1305 (Fed. Cir. 2013) .......................................................................7

*Tex. Am. Oil Co. v. U.S. Dep't of Energy*,
    44 F.3d 1557 (Fed. Cir. 1995) (*en banc*) .........................................................7

*Toro Co. v. White Consol. Indus., Inc.*,
    383 F.3d 1326 (Fed. Cir. 2004) .......................................................................8

*United States v. Sandlin*,
    291 F.3d 875 (6th Cir. 2002) ............................................................................5

*Universal Restoration, Inc. v. United States*,
    798 F.2d 1400 (Fed. Cir. 1986) ....................................................................6, 9

**Statutes**

28 U.S.C. § 46(d) ..............................................................................................5

Fed. R. App. P. 40 ......................................................................................4, 5, 8

Fed. Cir. R. 40 ..............................................................................................3, 4

Fed. Cir. R. 47.11 ...............................................................................................4

**Other Authorities**

CAFC, *Petitions for Rehearing and Rehearing En Banc*,
    https://bit.ly/3OZwKWy ...........................................................................5

Hon. Richard S. Arnold, *Why Judges Don't Like Petitions for
    Rehearing*, 3 J. App. Prac. & Process 29 (2001) ....................................5

Perry Cooper, *O'Malley Retirement Leaves Fed. Cir. With No Ex-
    Trial Judges*, Bloomberg Law (July 28, 2021),
    https://bit.ly/3vo6AWC ...........................................................................10

Rochelle Cooper Dreyfuss, *The Federal Circuit: A Case Study in
    Specialized Courts*, 64 N.Y.U. L. REV. 1 (1989) ...................................9

Paul M. Janicke, *On the Causes of Unpredictability of Federal Circuit
    Decisions in Patent Cases*, 3 NW. J. TECH. & INTELL. PROP. 93
    (2005) ........................................................................................................9

Phillip M. Kannan, *The Precedential Force of Panel Law*, 76
    Marquette L. Rev. 755 (1993) ...................................................................7

## INTEREST OF AMICI CURIAE

*Amici curiae* are law professors and other scholars whose focus includes civil procedure and legal ethics, and who have a particular interest in the unique appellate jurisdiction of the Federal Circuit.[1] *Amici* are interested in ensuring transparency in, and confidence about, the judicial process. In this case, formation on rehearing of a new panel which issued a second opinion reaching a conclusion directly opposite of the original panel's decision, implicates these important concerns.[2]

---

[1] *Amici* are David Hricik, Mercer University School of Law; Roger M. Baron, University of South Dakota School of Law; Lonny Hoffman, University of Houston Law Center; Jeffrey W. Stempel, William S. Boyd School of Law; Christa Laser, Cleveland-Marshall College of Law; and Emil J. Ali, Lewis & Clark Law School; and Dane Ciolino, Loyola University New Orleans College of Law. Institutional affiliations are listed for identification purposes only.

[2] This brief was not authored in whole or in part by any party's counsel; no person or entity other than *Amici* or their counsel contributed financially to its preparation or submission; and *Amici* have no stake in the parties or case outcome.

**INTRODUCTION**

This case presents an extraordinary circumstance in which, after a three-judge panel issued a 2-1 decision affirming the district court, a new panel was created for purposes of rehearing. That panel, with one new judge, reached a result opposite from the first. In effect, the majority opinion became the dissent, and the dissent the majority. This series of procedural events was contrary to this Court's rules and precedent. The events here also run against longstanding tradition in the federal courts that panel rehearing may be granted only with the vote of at least one judge in the original majority. Numerous decisions from around the country show that where the departure of one of a panel's original members leaves a 1-1 split, a petition for rehearing must be denied unless the remaining judge who had been in the majority changes his or her mind. In addition, the second opinion in this case violates the law-of-the-circuit doctrine, which provides that one three-judge panel must abide by prior panel decisions, absent *en banc* or Supreme Court rulings.

The startling outcome here will encourage more parties to bring the most inefficient, vexing and unproductive type of rehearing petition: one that merely rehashes the merits of arguments that the panel has already rejected. As this Court is painfully aware, many parties routinely file such petitions in the almost-always vain hope of obtaining a 180-degree turnabout by the panel. The events in this case,

2

if not corrected, will encourage even parties who presently refrain from filing such petitions to reverse course and seek rehearing routinely.

The result here is all the more concerning because of a lack of transparency in the process. The second opinion did not acknowledge the change in panel, much less explain it. There was no notice to the parties as to why a different panel was needed to decide a petition for rehearing, let alone how the law authorized a different panel to address the petition.

The panel should grant rehearing and vacate the June 21 decision, thereby restoring the January 3 decision. Alternatively, the Court should grant rehearing *en banc*.

## ARGUMENT

I. **FORMING A NEW PANEL TO DECIDE A REHEARING PETITION WAS CONTRARY TO ESTABLISHED RULES IN THIS CIRCUIT**

A. **The Governing Rules And Established Federal Practice Barred Formation Of A Different Panel To Consider The Case Anew**

This Court's rules recognize that the same panel that decided a case should consider whether to rehear it. The practice note to Circuit Rule 40 states that "[w]hen a petition for panel rehearing is filed, the clerk of the court will transmit copies to *the panel that decided the case*." Fed. Cir. R. 40, practice note (emphasis added). "[U]nless a majority *of the panel* agrees to rehear the case," the clerk is to deny the petition. *Id.* (emphasis added). Even when panel rehearing is granted, rehearing must be "before the panel." *Id.* These statements do not leave room for the panel to

be reconstituted by addition of a new judge.  Here, at the time the rehearing petition

and response were filed, the panel consisted of Chief Judge Moore, Judge O'Malley,

and Judge Linn.  *That* is the panel to which the petition for rehearing was properly

directed.

In contrast with Rule 40, Circuit Rule 47.11 permits a panel vacancy to be

filled, but only in cases that have been argued or are under submission:

> If a judge of a panel *that has heard oral argument or taken under submission* any appeal, petition, or motion is unable to continue with consideration of the matter because of death, illness, resignation, incapacity, or recusal, the remaining judges will determine the matter if they are in agreement and no remaining judge requests the designation of another judge.  If the remaining judges are not in agreement or if any remaining judge requests the designation of another judge, the remaining judges will promptly advise the chief judge who will secure another judge to sit with the panel.

Fed. Cir. R. 47.11 (emphasis added); *see also* Novartis Pet. 10-11.  Thus, Circuit

Rule 47.11 permits a panel member to be replaced if a panel is deadlocked and a

new judge is necessary to decide the *merits* of an appeal.  That is consistent with

Rule 40(a)(4), which states that, when a rehearing petition is granted, the court may

"restore the case to the calendar for reargument *or resubmission*."  Fed. R. App. P.

40(a)(4) (emphasisadded).  It is also consistent with Rule 40(a)(2), which does not

permit oral argument on rehearing petitions. Fed. R. App. P. 40(a)(2).  In short, Rule

47.11 had no application here, where the case had been submitted to the first panel

and decided on the merits.

After Judge O'Malley retired, the panel that first decided the case retained a quorum and the authority (and duty) to rule on Appellants' petition for rehearing. *See, e.g., United States v. Sandlin*, 291 F.3d 875 (6th Cir. 2002) (after panel member retired, remaining two members addressed petition for rehearing); *see also* 28 U.S.C. § 46(d) (a quorum is a majority of the panel). Absent a vote by Judge Linn in favor of rehearing, the petition for rehearing could not have been granted by "a majority of the panel" and should have been denied.

Forming a new panel by adding another judge to replace Judge O'Malley was not a "rehearing." Rehearing affords a panel an opportunity to correct an opinion where the movant has identified points of law or fact that the panel "overlooked or misapprehended." Fed. R. App. P. 40(a)(2); *see Easley v. Reuss*, 532 F.3d 592, 594 (7th Cir. 2008) ("Panel rehearings are designed as a mechanism for the panel to correct its own errors in the reading of the factual record or the law."); *see also* Hon. Richard S. Arnold, *Why Judges Don't Like Petitions for Rehearing*, 3 J. App. Prac. & Process 29, 36 (2001). Rehearing is not a means for plenary consideration of a case from top to bottom. As this Court's website states, "Petitions for rehearing should not be used to reargue issues previously presented that were not accepted by the merits panel during initial consideration of the appeal." CAFC, *Petitions for Rehearing and Rehearing En Banc*, https://bit.ly/3OZwKWy.

Yet that is exactly what the new panel's opinion allowed by essentially adopting the dissent in the first opinion as a majority ruling in the second, with the original majority opinion recast in dissent.  That outcome did not occur because either judge in the first majority changed his or her view about the case but because the newly assigned judge on the second panel assessed the merits differently.  As this Court noted in *Universal Restoration, Inc. v. United States*, 798 F.2d 1400 (Fed. Cir. 1986), "no reconsideration" occurs when "[a] different panel simply disagree[s] with the first decision."  *Id.* at 1406 n.9 (emphasis omitted).

As the Petition for Rehearing explains, such a "re-do" is not an appropriate function of the rehearing procedure.  The procedure in every circuit except the Ninth is: "after a judge in the majority on a divided panel leaves the court . . . [courts] deny panel rehearing without appointing a new judge" unless a judge who was in the majority votes for rehearing.  Novartis Pet. at 9-10 & n.2; *see* Pet'r's Supp. Add. (collecting unpublished orders).  When reviewing another multi-member tribunal, this Court has endorsed the same principle, declaring that it was "troubling" for a panel to reverse course on "rehearing" based only on a change in panel composition. *See Universal Restoration*, 798 F.2d at 1406 n.9.

**B.     The Second Panel Opinion Violated The Law-of-the-Circuit Doctrine**

Issuing a second opinion was also inconsistent with the law-of-the-circuit doctrine, which provides that every three-judge panel is bound by prior panel

decisions until or unless those decisions are "overruled by the court en banc or by other controlling authority such as intervening . . . Supreme Court decision." *Tex. Am. Oil Co. v. U.S. Dep't of Energy*, 44 F.3d 1557, 1561 (Fed. Cir. 1995) (*en banc*); *see also Metzinger v. Dep't of Veterans Affs.*, 20 F.4th 778, 781 (Fed. Cir. 2021); *Robert Bosch LLC v. Pylon Mfg. Corp.,* 719 F.3d 1305, 1316 (Fed. Cir. 2013) ("Panel opinions are . . . opinions of the court and may only be changed by the court sitting en banc."); Phillip M. Kannan, *The Precedential Force of Panel Law*, 76 Marquette L. Rev. 755, 755-56 (1993).

The original panel opinion, *Novartis Pharm. Corp. v. Accord Healthcare, Inc.*, 21 F.4th 1362 (Fed. Cir. 2022), was precedential upon issuance and was therefore binding on the new panel that issued the second opinion. *See, e.g.*, *Bedgear v. Fredman Bros. Furniture*, 783 F. App'x 1029, 1030 (Fed. Cir. 2019) (applying *Arthrex v. Smith & Nephew*, 941 F.3d 1320 (Fed. Cir. 2019), as binding precedent before mandate issued). Indeed, in *Bedgear*, the panel recognized that *Arthrex* was binding, despite a majority of the panel disagreeing with the *Arthrex* decision. *Bedgear*, 783 F. App'x at 1030 (Dyk and Newman, JJ., concurring in judgment) ("the panel here is bound to follow Arthrex" even while disagreeing with the *Arthrex* remedy). This is another, independent reason the second opinion should be vacated and the first opinion restored. "Inconsistency is the antithesis of the rule of law."

*See LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (discussing related

law-of-the-case doctrine).[3]

The second opinion's changed outcome underscores the reality that two

panels may decide a case differently, even though, in a perfect world, a change in

the composition of a panel would not affect how legal principles apply to a given set

of facts. *See Carver v. Lehman*, 558 F.3d 869, 880 (9th Cir. 2009) (Reinhardt, J.,

concurring in the judgment); *see also Payne v. Tennessee*, 501 U.S. 808, 827 (1991)

(*stare decisis* "contributes to the actual and perceived integrity of the judicial

process" because it "promotes the evenhanded, predictable, and consistent

development of legal principles"). But the fact that different panels might reach

different conclusions is precisely why Federal Rule of Appellate Procedure 40—

reinforced by *stare decisis*, the law-of-the-circuit, and law-of-the-case doctrines—

provides that the same panel that decided a case should rule on rehearing, a rule that

has no exception when one member of the panel departs the court.

---

[3] The procedure here was also in tension with the law-of-the-case doctrine, which
similarly promotes uniformity but, unlike *stare decisis*, does so within a single case
rather than in the legal system more broadly. "[T]o serve the interests of judicial
economy, finality, and avoidance of 'panel-shopping,' the [law-of-the-case] doctrine
strongly discourages reconsideration of issues that a previous panel has addressed,
fully considered, and decided." *Toro Co. v. White Consol. Indus., Inc.*, 383 F.3d
1326, 1335 (Fed. Cir. 2004) (citation omitted).

Finally, highlighting that outcomes may vary based on panel composition is particularly incongruous in this Court, given its foundational purpose of creating a unified national body of patent law. *See* Rochelle Cooper Dreyfuss, *The Federal Circuit: A Case Study in Specialized Courts*, 64 N.Y.U. L. REV. 1, 2 (1989). The unusual procedure here could bolster the notion advanced by some commentators that this Court's patent decisions are too panel-dependent. *See, e.g.*, Paul M. Janicke, *On the Causes of Unpredictability of Federal Circuit Decisions in Patent Cases*, 3 NW. J. TECH. & INTELL. PROP. 93, 93 (2005).

## II. THE SECOND OPINION UNDERMINES THE PUBLIC POLICY INTERESTS OF CONSISTENCY AND TRANSPARENCY

The procedural doctrines discussed above are not mere formalities; they serve the critical public policy interests of consistency and transparency. Once the first precedential panel opinion issued, the parties were entitled to rely upon it until or unless changed circumstances warranted rehearing. *See supra* at 3-6.

Moreover, the lack of procedural transparency in this case is contrary to this Court's ordinary judicial practice of providing a written explanation of its decisions. *See Universal Restoration*, 798 F.2d at 1406 n.9 ("Why the first decision warranted reconsideration at all is a mystery."). Here, the second opinion does not acknowledge the change in panel or explain why or how the new panel was established.

9

The parties and public first learned that a new panel had been assigned to the case was when the second opinion issued.  According to the public record, after oral argument, the case was submitted on July 8, 2021 to the panel of Chief Judge Moore, Judge O'Malley and Judge Linn.  Judge O'Malley announced later that same month that she would retire effective March 11, 2022.[4]  On January 3, 2022, the panel filed the first opinion, finding no clear error in the district court's factual findings that there was a written description in the specification for the claims as construed.

HEC filed its petition for rehearing on February 23, 2022 without requesting a third judge be added to the panel.[5]  On February 28, 2022, the clerk invited a response, due two days after Judge O'Malley was scheduled to retire.  Novartis filed its response early, on March 4, 2022, one week before Judge O'Malley retired.  The rehearing petition was therefore fully briefed and pending before the original panel.  The new panel issued its opinion on June 21, 2022, without any notice to the parties

---

[4] Perry Cooper, *O'Malley Retirement Leaves Fed. Cir. With No Ex-Trial Judges*, Bloomberg Law (July 28, 2021), https://bit.ly/3vo6AWC.

[5] Even when parties request a third judge be added to consider a panel rehearing petition, courts have recognized the need to do so is "somewhat reduced by virtue of the narrow focus of a rehearing petition, submitted after plenary consideration of an appeal.  On such petitions, oral argument is not permitted, and no response is received unless requested by the court." *Murray v. Nat'l Broad. Co., Inc.*, 35 F.3d 45, 48 (2d Cir. 1994) ("[T]he remaining two members of the panel, explicitly authorized to constitute a quorum eligible to act, *see* 28 U.S.C. § 46(d), should adjudicate the petition without a third judge.") (cited with approval in *Yovino v. Rizo*, 139 S. Ct. 706, 709 (2019)).  Here, the focus of HEC's petition was even narrower since the scope of review was for clear error.

or explanation of what happened in the interim.  Thus, the procedure here failed to

provide the notice and transparency that safeguards fairness to the parties and public

faith in the judicial process.

On these facts, the public policy interests of consistency and transparency

underscore that rehearing should be granted.

## CONCLUSION

For the foregoing reasons, the panel should grant rehearing and vacate the

June 21 decision, thereby restoring the January 3 decision.  Alternatively, the Court

should grant rehearing *en banc*.

DATED:  August 4, 2022                    Respectfully submitted,

By: */s/ Sean SeLegue*
Sean M. SeLegue
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

Aaron Stiefel
Abigail Struthers
  (*CAFC bar application pending*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

Kolya D. Glick
  (*CAFC bar application pending*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Counsel for Amici Curiae Law Professors and*
*Civil Procedure Scholars*

12

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 29, I certify that the foregoing *Amici Curiae* Brief complies with this Court's published filing requirements:

This brief complies with the type-volume limitation of Federal Circuit Rule 35(6)(3) because it contains 2,598 words, excluding those portions of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b). This certificate was prepared in reliance on the word count of the word-processing system used to prepare this brief.

This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Times New Roman font.

Dated:  August 4, 2022                     */s/ Sean SeLegue*
                                            Sean M. SeLegue